IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. ACTION NO. |
| | ) | 2:03cr270-T |
| TRACY HARRIS | ) | (WO) |

ORDER

Defendant Tracy Harris pled guilty to one count of felon in possession of a firearm, in violation of 18 U.S.C.A. § 922(g)(1).  On June 28, 2005, the court sentenced Harris to a prison term of 28 months imprisonment and three years supervised release.  This cause is now before the court on Harris's motion to remain on release pending his appeal. For the reasons that follow, the motion will be denied.

The Bail Reform Act of 1984, 18 U.S.C.A. § 3143, provides that the district court shall order detention of a person who has been convicted and sentenced to a term of imprisonment.  Under § 3143, the court presumes that detention is valid despite a pending appeal, and the defendant bears the burden of overcoming that presumption and proving that release is appropriate.  Morison v. United

States, 486 U.S. 1306, 108 S. Ct. 1837 (1988) (Rehnquist, Circuit Justice); United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985) (per curiam), cert. denied, 479 U.S. 1018, 107 S. Ct. 669 (1986).  In order to grant a defendant's motion for release pending appeal, the district court must make the following findings:

> "(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> "(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
> (i) reversal,
>
> (ii) an order for a new trial,
>
> (iii) a sentence that does not include a term of imprisonment, or
>
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeals process."

18 U.S.C.A. § 3143(b)(1).  The burden of proving these findings lies with the defendant.  Giancola, 754 F.2d at

901.  In order to be released pending his appeal, then, Harris would have to show: by clear and convincing evidence that he is not a flight risk or a danger to the community; that he is not appealing for the sake of delay; and that he is raising a substantial question on appeal that is likely to result, for example, in reversal or new trial.

In ordering Harris's release pending voluntary surrender, the court determined that Harris was not likely to flee or pose a danger to the safety of any other person or the community.  The court further determines that Harris's appeal is not for the purpose of delay.  However, Harris has failed to meet his burden of showing that he is raising a substantial question of law.  The Eleventh Circuit Court of Appeals has defined a substantial question of law as one that is a "'close' question or one that very well could be decided the other way."  United States v. Fernandez, 905 F.2d 350, 354 (11th Cir. 1990).

Harris is appealing the court's denial of his motion to suppress, arguing that the officers executing the search

warrant for his residence in this case lacked probable cause, and thus the seizure of the firearms, which were in plain view after the officers entered his home, was tainted. He further argues that the "good-faith reliance" exception to the probable cause requirement, as articulated in <u>United States v. Leon</u>, 468 U.S. 897, 104 S. Ct. 3405 (1984), does not apply to his case because: "(1) [the] magistrate or judge in issuing [the] warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard for the truth; (2) [the] issuing magistrate judge wholly abandoned his judicial role; [and] (3) [the] affidavit supporting the warrant is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." <u>United States v. Robinson</u>, 336 F.3d 1293, 1296 (11th Cir. 2003).

More specifically, Harris first claims that the officers who applied for the warrant provided conflicting testimony at the suppression hearing as to whether the "controlled

4

buy" between the informant and Harris described in the affidavit actually took place, and, thus, the attesting officer recklessly provided false information in his affidavit. This argument is without merit. At the suppression hearing, the officers simply provided more details about how the controlled buy was conducted. While it is true that the controlled buy "lacked many monitoring controls customarily utilized by some law enforcement units,"[1] there is no evidence that the officers recklessly disregarded the truth or knowingly provided false information in the affidavit by stating that a controlled buy took place. As the magistrate judge noted, the "controlled purchase" referenced in the affidavit "proceeded

---

    1. Recommendation of the magistrate judge (Doc. No. 32), p. 11. For example, there was no audio or video surveillance of the controlled buy due to the fact that Crenshaw County is a poor county lacking funds for such equipment. Id. In addition, the currency with which the controlled buy was conducted was not marked, there were no reports memorializing that the controlled buy took place, and the drug evidence was presented in unmarked bags and had been maintained in one of the officer's desk drawers at work. Defendant's motion for release (Doc. No. 54), pp. 5-6.

in accordance with practices and policies indicative of the[] department's available resources. Based on [the officers'] experience in narcotics investigations, they did, in fact, arrange for a controlled purchase."[2]

Second, Harris argues that Crenshaw County District Judge King wholly abandoned his judicial role because he "made additions to the affidavit the officer submitted before agreeing to issue the warrant."[3] However, while Judge King's methods for determining probable cause may have been unorthodox,[4] as the magistrate judge noted, there is no evidence that he abdicated his 'neutral and detached'

---

2. Recommendation of the magistrate judge (Doc. No. 32), p. 11.

3. Defendant's motion for release (Doc. No. 54), pp. 6-7.

4. At the suppression hearing, the officers testified that Judge King preferred to engage officers in an extended oral conversation about the facts and circumstances surrounding an informant's reliability before he made a probable cause determination. Recommendation of magistrate judge (Doc. No. 32), pp. 7-8.

function to the extent that he merely became a rubber stamp for the police.[5]

Finally, Harris argues that the affidavit supporting the warrant was so lacking in indicia of probable cause that it was unreasonble for the officers to believe it was valid. This argument also fails, particularly because, in making such a determination, the court must "look beyond the four corners of the document." United States v. Martin, 297 F.3d 1308, 1313 (11th Cir. 2002).  It is apparent that the officers in this case had knowledge about the confidential informant and the controlled buy that extended beyond the affidavit included in the warrant application, as evidenced by the officers' oral communications with Judge King.  Thus, as the magistrate judge concluded, "These circumstances ... prevent this court from embracing a conclusion that these 'reasonably well-trained officers would know that the

---

5.  Id. at 11-12.

7

warrant was illegal despite the magistrate's authorization.'"[6]

In sum, while Harris's appeal is not frivolous, the merits of Harris's appeal are simply not strong enough to satisfy the requirements of 18 U.S.C.A. § 3143(b).

Accordingly, it is ORDERED that defendant Tracy Harris's motion for release pending appeal (Doc. No. 54) is denied.

Done, this the 23rd day of August, 2005.

          /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE

---

6. *Id*. at 12.